UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAMON ORLANDO PULIDO LOVERA,

Petitioner,

v.

Case No. 2:26-cv-2706-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Ramon Orlando Pulido Lovera has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) He claims that the Attorney General is holding him in violation of the Immigration and Nationality Act and the Fifth Amendment. (*Id.* at 7-8.) Respondents oppose the petition. (Doc. 3.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Lovera, fall under 8 U.S.C. § 1226. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez*

*Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Lovera falls into the latter category since he is not seeking lawful entry. *See Garcia*, 2026 WL 1345914, at *3. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Lovera seemingly requests his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Lovera is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Lovera with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Lovera also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Lovera with a bond hearing as ordered or he remains in custody, he

can renew these other claims in a subsequent suit. But the Court will not consider any Fourth Amendment claim regarding Lovera's warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. Within ten days of this order, the Government shall either bring Lovera for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on October 26, 2026.



Kyle C. Dudek
United States District Judge